# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS SEXUAL ABUSE LITIGATION**                     MDL No. 3150

## ORDER DENYING TRANSFER

**Before the Panel**:*  Plaintiffs in the Central District of California *Jane Doe (No. 2)* and *Thomas* actions move under 28 U.S.C. § 1407 to centralize this litigation in the Central District of California or, alternatively, the Northern District California.  This litigation consists of 41 actions pending in nine districts, as listed on Schedule A.[1]  The parties have notified the Panel of ten related actions pending in three districts.

All responding plaintiffs either support or do not oppose centralization in the Central District of California.[2]  Defendants—The Church of Jesus Christ of Latter-day Saints and more than thirty unincorporated and incorporated ecclesiastical subdivisions thereof—oppose centralization.  Alternatively, defendants suggest the District of Utah or the Northern District of New York as transferee districts.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation.  Plaintiffs in these actions allege that they were sexually abused by individuals associated with The Church of Jesus Christ of Latter-day Saints, and they attribute their abuse to an alleged nationwide policy or scheme to conceal sexual abuse within the Church.  Plaintiffs argue that the actions therefore will involve common factual questions relating to the Church's policies regarding sexual abuse and liken this litigation to *In re Uber Technologies, Inc., Passenger Sexual Assault Litigation*, 699 F. Supp. 3d 1396 (J.P.M.L. 2023), in which we centralized litigation involving Uber's allegedly common nationwide policies and procedures regarding sexual abuse and harassment prevention and investigation.  The differences between this litigation and *In re Uber*, however, are stark and weigh against centralization here.  The

---

* Judge Dale A. Kimball did not participate in the decision of this matter.

[1] The motion initially encompassed 48 actions, but seven actions were remanded to state court.

[2] Plaintiffs in five actions (represented by Andrews & Thornton, the same counsel as movants) support the motion.  Plaintiffs in 32 actions (represented by Slater Slater Schulman LLP) either support centralization in the Central District of California or (with respect to twenty plaintiffs who had pending remand motions at the time of briefing) do not oppose centralization.

- 2 -

relationships between the partes in *In re Uber* were far more uniform—each plaintiff was a passenger who downloaded the same mobile app, was subject to the same company policies (including, for example, a "Safe Rider Fee" that allegedly was charged each Uber customer to improve rider safety), and allegedly was assaulted by an Uber driver. *See id.* at 1398; *see also Uber Techs., Inc. v. U.S. Jud. Panel on Multidistrict Litig.*, No. 23-3445, __ F.4th __, 2025 WL 748135, at *2 (9th Cir. Mar. 10, 2025). In contrast, the actions here involve far more varied circumstances. Some plaintiffs allege abuse by Church clergy, others by Church missionaries or teachers, others by fellow Church members, and still others by family members. The alleged perpetrators had different relationships with both plaintiffs and the Church. Further, some plaintiffs allege a single instance of abuse while others allege abuse over the course of years. Many plaintiffs were minors at the time of the alleged abuse, but some were adults. Additionally, the assaults alleged in *In re Uber* took place within a relatively short timeframe (between roughly 2014 and 2023). The actions here involve abuse that allegedly occurred over more than five decades, from 1968 to 2023. The Church's policy on reporting and investigating sexual abuse undoubtedly changed over this period.[3]

Accordingly, we are persuaded that discovery in these actions overwhelmingly will focus on unique, case-specific factual issues concerning whether and to whom each plaintiff reported the alleged abuse and how those individuals responded. We also are not convinced that discovery relating to the Church's nationwide policies regarding the reporting and investigation of sexual abuse will be the same across the actions. Discovery relating to the Church's policies in 1970, for instance, may not be relevant to abuse that allegedly occurred in 2010. We thus find this litigation more akin to *In re Hotel Industry Sex Trafficking Litigation*, 433 F. Supp. 3d 1353, 1356 (J.P.M.L. 2020), in which we denied centralization of actions involving "different alleged sex trafficking ventures, different hotel brands, different owners and employees, different geographic locales, different witnesses, different indicia of sex trafficking, and different time periods." This litigation, too, will involve different perpetrators, different Church officials, different geographic locales, differing attempts to notify authorities of the alleged abuse, and different time periods. *See also In re Varsity Spirit Athlete Abuse Litig.*, 677 F. Supp. 3d 1376, 1378 (J.P.M.L. 2023) (denying centralization where the actions would involve "unique factual issues concerning the various individual gym and coach defendants . . . and the particulars of the abuse alleged").

Also weighing against centralization is the minimal number of involved counsel. One law firm, Slater Slater Schulman LLP, represents plaintiffs in 42 of the 51 actions (including the related actions). Movants' counsel represents plaintiffs in another seven actions. Plaintiffs in only two actions are represented by non-overlapping counsel. We further note that the actions are overwhelming centered in California; only five actions are pending outside that state. Given these factors, informal coordination among counsel with respect to any common discovery of the Church ought to be feasible. *See In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011) ("[C]entralization under Section 1407 should be the last solution after considered review of all other options.").

---

[3] Indeed, the 1-800 "Helpline" number for reporting sexual abuse that is alleged in the complaints reportedly was established only in the mid-1990s.

- 3 -

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
David C. Norton              Roger T. Benitez
Madeline Cox Arleo

**IN RE: THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS SEXUAL ABUSE LITIGATION**                    MDL No. 3150

## SCHEDULE A

<u>Central District of California</u>

JANE ROE JC 7 v. CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS,
 C.A. No. 2:24−08672
JOHN ROE JJ 93 v. DOE 1, ET AL., C.A. No. 2:24−09335
JANE ROE LM 89 v. DOE 1, ET AL., C.A. No. 2:24−09350
ROE PD 58 v. DOE 1, ET AL., C.A. No. 2:24−09543
ROE AD 30 v. DOE 1, ET AL., C.A. No. 2:24−10442
JOHN ROE AS 32 v. DOE 1, ET AL., C.A. No. 2:24−10483
JOHN ROE CS 88 v. DOE 1, A CORPORATION, ET AL., C.A. No. 2:24−11154
JANE ROE AA 102 v. DOE 1, ET AL., C.A. No. 2:25−00403
JANE ROE SL 48 v. DOE 1, ET AL., C.A. No. 2:25−00436
DANIEL CAREY v. THE CHURCH OF THE LATTER−DAY SAINTS, ET AL.,
 C.A. No. 2:25−00703
JANE DOE, ET AL. v. DOE 1, ET AL., C.A. No. 2:25−00711
JANE DOE v. DOE 1, ET AL., C.A. No. 2:25−00713
THOMAS v. DOE 1, ET AL., C.A. No. 2:25−00834
JANE ROE RL 8 v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS,
 ET AL., C.A. No. 5:24−02149
ROE JW 142 v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS,
 ET AL., C.A. No. 5:24−02150
JANE ROE EO 5 v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS,
 ET AL., C.A. No. 5:24−02151
JANE ROE RC 23 v. DOE 1, ET AL., C.A. No. 5:24−02383
JOHN ROE DR 63 v. DOE 1, ET AL., C.A. No. 5:24−02509
JOHN ROE DG 59 v. DOE 1, ET AL., C.A. No. 5:24−02559
JOHN ROE NR 52 v. DOE 1, ET AL., C.A. No. 5:24−02560
JANE ROE CP 76 v. DOE 1, ET AL., C.A. No. 5:24−02583
JANE ROE MB 69 v. DOE 1, ET AL., C.A. No. 8:24−02395
JANE ROE LB 61 v. DOE 1, ET AL., C.A. No. 8:24−02406
JOHN ROE WC 36 v. DOE 1, ET AL., C.A. No. 8:24−02410

<u>Eastern District of California</u>

JANE ROE TT 80 v. DOE 1, ET AL., C.A. No. 1:25−00007
JAMES v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS,
 C.A. No. 1:25−00118
JOHN ROE AJ 1 v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS,
 ET AL., C.A. No. 2:24−02990

- A2 -

JOHN ROE PS 43 v. DOE 1, ET AL., C.A. No. 2:24−03084
ROE AB 51 v. DOE 1, ET AL., C.A. No. 2:24−03488

### Northern District of California

JANE ROE HM 95 v. DOE 1, ET AL., C.A. No. 3:24−07656
JANE ROE JT 34 v. DOE 1, ET AL., C.A. No. 4:24−07632
ROE SR 3 v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS
    ET AL., C.A. No. 5:24−07119
ROE DC 90 v. DOE 1, ET AL., C.A. No. 5:24−07613

### Southern District of California

ROE RV 47 v. DOE 1, ET AL., C.A. No. 3:24−02347
ROE JB 65 v. DOE 1, ET AL., C.A. No. 3:24−02349
ROE JS 6 v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS, ET AL.,
    C.A. No. 3:24−02407

### Northern District of Illinois

PETERSON v. THE CHURCH OF THE LATTER−DAY SAINTS, ET AL.,
    C.A. No. 1:25−00947

### Western District of Louisiana

AVERY v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS, ET AL.,
    C.A. No. 2:24−01516

### District of Nevada

ZIMMERMAN v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS,
    ET AL., C.A. No. 2:25−00206

### Northern District of New York

KITLER, ET AL. v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS,
    ET AL., C.A. No. 1:24−01071

### Western District of Washington

BUSSEY v. THE CHURCH OF THE LATTER−DAY SAINTS, ET AL.,
    C.A. No. 2:25−00197